Your Honor, the third case of the morning called 210-011. Patricia Tilschner v. Lowell Spangler and Ralph Mappel on behalf of the appellant, Mr. Mark Vogt. On behalf of the appellee, Mr. Joel Mutari. Mr. Vogt. You may proceed. May it please the Court, Your Honor, Counsel, good morning. My name is Mark Vogt and I represent the plaintiff in this case, Patricia Tilschner. We have appealed an order of the trial court, Judge Maureen McIntyre, that dismissed count two of a plaintiff's complaint. We are asking the court to reverse that dismissal. In this particular case, the plaintiff was injured by fireworks that were ignited on the defendant's property by another person the defendant invited onto that property. Count two alleges a cause of action against the defendant pursuant to section 318 of the Restatement Second of Torts. There is no issue as to whether or not the plaintiff has properly pled a cause of action under section 318. The issue before this court is whether or not the State of Illinois has adopted section 318. Counsel, just to clarify that and make it specific, restatement cannot be binding in an Illinois court unless our Supreme Court specifically adopts it, correct? I would agree with that. In the appellate court, we can't adopt it for the State of Illinois, can we? Well, I think this court did in Duncan v. Rosanka. It acknowledged that the Supreme Court had not specifically adopted 316, but nevertheless did hold that 316 does apply in Illinois. You said 16. Did you mean 16 or 18? Well, I think in Duncan v. Rosanka, that was involving suit against the parent of a minor child, and they attempted to sue under section 316 of the restatement. And the court in Duncan acknowledged that the Supreme Court had not specifically adopted 316, but nevertheless, based on another appellate court's decision, I believe it was Cooper, stated that it has in fact been implicitly adopted by the State of Illinois. Well, let's not muddy the water, sir, because my question is very specific. We're not suggesting, or I don't believe the law is, that an appellate court can adopt a restatement. Perhaps you're referring to appellate court decisions that appear to determine that the State of Illinois has adopted it because of something the Supreme Court did in the decision or said. But are you suggesting that we, sua sponte, the Illinois appellate court, can adopt a restatement in making it binding on Illinois irrespective of the Supreme Court's ruling on the issue? Is that what you're saying? No, I'm not saying that specifically. What I'm saying, first and foremost, is I think the Illinois Supreme Court has adopted 318, which I'll get into. Second of all, there's no question that appellate courts can recognize duties in Illinois. Every duty that exists in Illinois doesn't have to be judicially created by the Illinois Supreme Court. And I believe that appellate courts have and can frequently do look to the restatements as guidance for whether or not a duty should arise under a particular fact pattern. Your statement section in question here is 318. That is correct. Okay. Can you point us to one Illinois Supreme Court case that specifically adapts or discusses 318? Yes, Your Honor. In the case of Teeter v. Clemmons, that is an Illinois Supreme Court case that I did cite in my brief, a minor plaintiff was hit in the eye by a pellet fired from a gun by the defendant's five-year-old grandson. The incident took place at the defendant's home, and the plaintiff alleged a cause of action under negligent entrustment, which isn't really relevant, and also attempted what they couched as a premises liability case. The Supreme Court ultimately held the plaintiff did not state a cause of action, but specifically addressed Section 318 in its opinion, stating that the plaintiff would find additional support for his action under principle of liability expressed in Section 318 of the Restatement Second Appearance. The Supreme Court then quoted 318 in its entirety, and after quoting the Section 318, concluded that the plaintiff did not plea the elements necessary to give rise to a duty under 318. The most logical, in my opinion, the only inference that can be taken from the approach by the Supreme Court in this case is that if properly pled, a duty can arise under Section 318. If the Supreme Court did not believe 318 created a duty or could create a duty, there would be no reason to analyze the allegations of the complaint to determine if it was pled pursuant to that section. They would merely just say 318 hasn't been adopted, and it doesn't matter whether you've pled. So therefore, I think implicitly the Court certainly recognized that. And in fact, again, in this Court's case in Duncan, I believe used essentially the same rationale in adopting 316. And it's important for my argument to recognize or for me to explain that 316, 318, 17, and 319 are all exceptions to the general rule in 315 that one does not have a duty to control the conduct of a third person. That's the general rule in Illinois. It has been for 50, 100 years for that matter. But under 315, there are two sets of exceptions. The first sets of exceptions are under 315A. And under 315A, there are certain relationships between the defendant and the third party causing injury that does recognize a duty. Well, how does 315 then, how does the recognition or the implied recognition, as you've alluded to, of 318, how does that, what does that have to do with 315? I mean, are you saying that if the Court discusses 318, that they've impliedly recognized all of these others and adopted all of these others? Is that your argument? No, and I apologize if I'm not making myself clear. 318 is merely the subsection of 315. 315 restates the general duty or the general rule that there is no duty to control the conduct of a third person. Under 315A, part of the same restatement, there are certain exceptions. And four of those exceptions are noted in 316 through 319. Now, this Court, the Second District in 316, or in Duncan, has specifically stated that under 316, which is a duty of a parent to control his or her minor child, this Court has specifically recognized that duty. What I'm saying is that in the Teeter case, the Supreme Court specifically recognized 318. They quoted 318, and they went through the allegations of the plaintiff's complaint. And based on the allegations in the complaint, and most particularly, the plaintiff in that case could not and did not plead that the defendants, the grandparents, were present when the minor or when the child, the third person, hurt the other person on their premises. But that doesn't eliminate the fact that the Supreme Court recognized 318. They applied it to the facts of that case. You're saying that they, of necessity, they implied that they adapted it. They didn't say that we adapt restatement 318 as the law in Illinois henceforth. They didn't say anything that specific. You're saying that they impliably adapted it, correct? That's correct. And the reason that is is because there would be no reason to analyze the allegations of the complaint in terms of whether or not those allegations complied with Section 318 if the Court was not recognizing 318. Again, they would just say, it doesn't matter what you've pled. There is no cause of action under 318, and therefore, the count is dismissed. And, again, the same rationale was used in the Duncan case to recognize 316, which, again, they're all part of separate exceptions to the general rule. And the Court in the Duncan case said, although the Illinois Supreme Court has now officially adopted Section 316 of the restatement, that section was implicitly accepted in Cooper v. Meyer as the basis upon which a cause of action in tort may be stated. The Court found, however, that the facts of the case before it did not state a valid cause of action. And what happened in Cooper is, again, they cited 316, they went through the allegations of the complaint, and they said you didn't plead sufficient facts to create a duty under 316. And the Second District in Duncan said that kind of rationale, that kind of logic implicitly adopts 316. And, again, that's exactly what the Supreme Court did in Teeter. They cited 318, they went through the allegations of the complaint, and they said you have not alleged facts that would bring this under 318. In our particular case, again, the main defect in the Teeter case was the grandparents, the homeowners, were not present when the person was injured. In our particular case, we have alleged all of the elements necessary under 318. And, again, based on the Teeter decision, which at a minimum, I think, implicitly recognized 318, I believe that we have properly pled a case under that section. Do you see a subtle difference between recognizing the existence of something and adopting it? I would say that that is form over substance. Again, if it wasn't being adopted, then I don't think the Supreme Court would go through the allegations of the complaint and say you haven't pled this. In my opinion, the Supreme Court would merely have said we are not adopting 318, so it doesn't matter what you've pled, and, therefore, the case is dismissed. Well, to turn it around, why would the court then not adopt it? If this is going to be some controversy, why would they not just come out and say we adopt it? Well, again, they didn't use that specific language. I don't know why they didn't specifically state that. In my opinion, I believe that they felt their opinion did recognize that, and, therefore, they did not have to use the exact words. I would ask you to go back and look at Duncan, which, again, I know I'm being redundant, used the exact same logic and the exact same process and reasoning to recognize that 316 has been adopted. The Cooper case did not state 316 has been adopted in Illinois. But the Duncan court recognized that by going through the allegations of the complaint and by ruling on whether or not those allegations sufficiently pled facts under 316, the court implicitly adopted 316. And, again, I'd say the same reasoning applies to Teeter. Well, isn't it or couldn't it be just as simple or logical to say from Teeter the court didn't have to decide whether or not to apply 318 because they did not plead sufficiently under 318. So we don't have to deal with it since there wasn't a sufficient pleading to meet the 318 requirements. Yes, I think that the court would have said that, though. And, again, there have been many appellate decisions. The Elizondo case in the 2nd District, the I forget the other case that we've been citing here. They specifically stated we are not deciding whether or not this has been adopted because it simply doesn't apply. Again, I think the more logical approach is that if they did not think it was going to apply, they wouldn't have bothered to go through the allegations of the complaint. And, again, the Supreme Court, this is not the only time the Supreme Court has mentioned 318. But the court has on several occasions, including the Kerr case and the estate of Johnson case, frequently refer to all of these exceptions. In the Johnson case, they state, in general, one has no duty to control the conduct of another person to prevent him from causing harm to a third person, citing the general rule in Section 315. But the court goes on. But there are exceptions to this based on special relationships. Sections 315 to 319 of the Restatement Second of Torts describe these relationships. In the Kerr case, the court said there are types of relationships that give rise to a duty to control a third party's conduct set out in Sections 316 to 319 of the Restatement of Torts. Now, the court, again, wasn't deciding on those particular cases whether a duty arose under 318. But the court didn't say we're adopting Section 318 and 319, but not 318. What is your understanding of dictum, D-I-C-T-U-M? My understanding is that it is not binding on the court, but that it does provide guidance to the court. And, again, I acknowledge that this is dicta. But I believe it provides, especially in the context of the Teeter decision, it provides a very good direction of where the Supreme Court feels it has gone on this issue. I believe dicta is something which is not the basis of the holding of the court. Do you understand that to be the case? That is correct. Something in the nature of an aside. The holding of the court would have remained the same whether they had commented about 318 or not under the circumstances and the facts of that case. Now, if the allegations in the complaint had, in Teeter, stated a cause of action, then it would seem that dissertation or discussion might have some effect on the holding. Because if, in fact, there was a finding by the Supreme Court that 318 applied, then it would have to make a determination as to whether or not they wish to adopt it. Is that not correct? That is correct. So you're making an inference about a negative when, if it's a negative, it could be either yes or no. But if it was a positive, then they would have had to address the issue and decide whether it was adopted or not. In other words, when they determined that the cause of action was not stated under 318, they did not have to address whether or not 318 was to be or was not to be adopted by that court. Whereas if the court had found that 318 had been stated in the complaint to be a viable cause of action, then they would have to make the next step and determine whether or not they were going to adopt 318. Correct? That is correct. So this is dictum because it does not affect the holding. Or put another way, the holding would not have been altered in any event. And the holding was that they didn't state a cause of action. Under 318. Recognized in the state of Illinois. That's correct. I mean, they said it did not state a cause of action under 318. So if it's dictum, how can it be precedential? Again, I think that based on the clear language of the case, that they were in fact adopting 318. I don't think that just because they stated in this particular fact pattern they didn't plead a cause of action, that necessarily means that they were not recognizing it, which they certainly could and in my opinion did. And again, I know I'm out of time, but the exact same rationale that this Court used in Duncan is the rationale I'm asking this Court to recognize the Supreme Court did in the Teeter case. Counsel, one final question just to make it eminently clear. This issue, the adoption of 318, is dispositive to this appeal. In other words, if the Supreme Court has not adopted 318 in any case, then your client has failed to allege a duty owed to her by Sprankler, correct? Well, based on the recognition in Duncan of 318 where the Court specifically stated that the Supreme Court has not specifically acknowledged 316, I would say no. I would say this Court, based on the language that the Supreme Court has used, can recognize that duty. But my question is, if we find that the Supreme Court has not adopted 318, then your client has failed to allege a duty owed to her by Sprankler, correct? Correct. In other words, if we disagree with Duncan, then you lose. At this point, yes, Your Honor. Thank you. Thank you, Judge. Yes. Mr. Hotari, is that how you pronounce it? Yes, Your Honor. Joel Q. Terry for the defendant's homeowner, Mr. Sprankler. It's a privilege being here today to address this issue before you because this gives us a good opportunity to clarify a rather ambiguous provision of the law in Illinois. Could you pull the microphone up just a bit so that we can properly record you? Thank you, Justice Hutchinson. The issue, however, is not, is 318 good public policy or should it be adopted in Illinois? The issue that was the subject of this appeal is, was 318 adopted at the time the plaintiff's case was dismissed? The second issue is, if it was adopted, was there some secondary additional special relationship needed to have been pleaded in order for the cause of action under 318 to survive a motion to dismiss? And so the first question is, was it adopted by the Illinois Supreme Court? Your argument, I'm assuming, and I hate to assume anything, is it was clearly not. Absolutely. Okay. Tell us in some way, form, why it was not. It was not because all of the cases cited, as Justice McClaren and Justice Hutchinson mentioned, were dicta. The 318 was not the central issue of the case. The discussion of 318 and its adoption or non-adoption was irrelevant. I think you made a misstatement, and I don't know if you were aware of it or not, but you said when the case was dismissed, the law of the case is not final until we decide or it goes up to the Supreme Court and it decides. And there are cases out there that point out that a trial court was right at the time it rendered its decision, but from the time it rendered its decision until the time some court of review rendered its decision, the law changed. Meaning that if the Supreme Court, subsequent to the dismissal by the trial court, had rendered a decision that adopted 318, then we are required to follow the law as enunciated presently by the Supreme Court and find that 318 applies in this case because there has not been a final judgment in this case, and therefore res judicata does not apply. Which means, are you going to clarify, would you clarify your statement and indicate whether or not, to your knowledge, there has been a recent Supreme Court decision that has adopted 318? To my knowledge, there has not been a recent decision. And to my knowledge, there has never been any case in the state of Illinois that found a section 318 type duty. Not in the appellate courts, not in the Supreme Court. The opposing counsel hasn't cited one. I haven't found one either. And I'd be shocked if the court did, frankly, because it's just not out there. Well, why do then some of the decisions talk about section 315 that creates these special exceptions and then go on to lump 316 through 319 together? And they say sections 316 through 319. What's the purpose? What are they telling us when they do that? Well, I think that's the product of the way that the restatements were drafted. Section 315 embodies the general rule that nobody owes a duty to a third party to protect them from some other third party. That duty doesn't exist. But under these four special exceptions codified in 316 through 319, there are, such as a parent-child relationship, etc., etc. Did the parent-child relationship exist in common law? I believe it did, Your Honor. I believe it did. And as a matter of fact, I cite, I believe it's Prosser on torts or something to that effect in my brief that says that this kind of relationship has historically been recognized, and it's commonly recognized by people as the kind of duty that's just natural. Of course you have a duty to control your children. They're under your control. If you don't have a duty to control them, who does? But in the case of a host inviting people into his home or onto his property for a party, the imposition of a secondary duty from the homeowner to all of the guests to impose a duty on the homeowner to protect them from each other is redundant because all of those guests already owe each other a duty. That is the general duty to use reasonable care under the circumstances that applies to everybody. So to impose a second additional duty on homeowners is redundant, and it's never been recognized in the state before. Counsel, how do you respond to his argument, his implied adoption argument, where he seems to be saying, well, why did the Supreme Court talk about 318 at all, analyzing the issues, if it was irrelevant to anything? Well, I respond by saying that the case law in this state says that duties don't arise from that kind of a tenuous, tangential mention in passing. Rather, the courts are deliberate, and they consider the public policies behind the adoption of a duty. We may agree to that, but I guess we're trying to discern and call off from his argument, why did the court even mention that if it clearly did not want to consider that adoption or get into that issue? Well, because the plaintiff cited it as the source of the duty, and I think that a court in rendering a judicial opinion has some obligation to address the multiple claims that are brought before it. And I think a court would be remiss if it were to just rule without even addressing one or more of the claims in the plaintiff's pleadings. I think that it was a thorough opinion. So, as my learned colleague had opined earlier, there's a distinction between recognizing and talking about something and adopting something. Absolutely. And that gets back to this idea about dicta. And Justice McLaren asked earlier, you know, what is dicta? And the case law is that dicta or dictum is a remark or opinion that the court uttered as an aside, which is not essential to the outcome of the case, not an integral part of the opinion, and is generally not binding authority or precedent. All of the cases, all of the cases cited by opposing counsel with regard to 318, they only discuss it in dictum. Now, the cases that I brought to your attention, on the other hand, they took 318 head on and they addressed whether or not it exists as the source of the duty in Illinois. And they universally said that no, it does not, and it should not. And, briefly, those cases, Zimring v. Wedderow. Is that a appellate court decision? It's a second district appellate court decision. It's wrong. The second district doesn't have the right to decide whether it should or should not be. The second district should determine whether or not it was. So, it's one thing to say that the second district said it hasn't been. It's another thing to say it should not be. That's the prerogative of the Supreme Court. So, that part about it should or should not be is dictum. Right? We're wrong. Well, I disagree respectfully, Your Honor. And that's because it's my understanding that an appellate court such as this can recognize a duty. But that recognition is only binding authority within that district. I don't believe that you can adopt a restatement as a source of a duty and bind the whole state. I think that job is for the Supreme Court. If we don't have the power to adopt it, how do we have the power to criticize it? Because, essentially, if we criticize it and suggest it, as you said, that it should not be adopted, aren't we telling the Supreme Court how they should rule, which seems to be somewhat an act of impudence? Or a part of the common law tradition, as you may have it, Judge. I mean, that's how these things develop. Well, it would be one thing to say the common law does not comport with 318. It's another thing to say it should not be. One is a value judgment and the other is an objective observation. Do you see the difference? I do. Thank you. But I think Zimring didn't say it shouldn't be. It just said that no Illinois case has adopted 318, correct? That is a quote from that case. So we didn't say we don't think it should be. We simply stated the fact that we, at that time, were unable to find any Illinois case that had adopted that particular restatement section. That's correct. Okay. And then the other case, which is a first district appellate case, is Geimer v. Chicago Park District. The court there said, this is a little bit more opinion, a little more editorializing. The court said, we do not believe a special relationship through the defendant's land ownership would be appropriate. The Illinois Supreme Court has repeatedly said that even when an injury is reasonably foreseeable, the imposition of a general duty to anticipate and guard against the negligence of others would place an intolerable burden on society. That is an Illinois Supreme Court precedent. Such a duty is considerably higher than the duty of guarding against dangers created solely by conditions on the land. We know there is no duty for a landowner to prevent misconduct. When the landowner has no unique knowledge of a possible danger. That dovetails with an argument that opposing counsel raised in the reply brief. The claim is raised that the homeowner had some kind of a heightened awareness of the risk involved with the fireworks. That heightened awareness or that unique knowledge of the danger created a duty on his part to warn his guests or somehow protect them from the injury related to the use of these fireworks. In this case, isn't there some issue that your homeowner created sort of a fire pit on his property from which these fireworks could be lit? Well, Your Honor, that was actually the subject of another count that was dismissed. One count claimed that a fire pit caused the injury when a spark jumped out of the fire and injured the plaintiff. That case, that count was let go voluntarily by opposing counsel. The count that remained was this claim about the fireworks causing the injury. But they had to be lit somewhere. And while they may have abandoned count one or whatever it was, the point still is that these fireworks were being lit from that pit, weren't they? I don't believe that that's in the pleadings. I don't think that they actually articulated where they were being lit, whether it was from a fire or someone with a lighter or that sort of thing. I think that's an issue that remains to be determined. However, this claim that the homeowner had some kind of unique knowledge and that that unique knowledge itself created the duty, it's simply not supported by the pleadings. Would this have made any difference if the guests were minors and the homeowner was an adult? Well, I think in that case, the proper way to apply it would have been under Restatement Section 316, which does create a duty of an adult parent to control the conduct of their children. Children, their own children or other children? I believe it's their own children. Yes, it is. So the question is, was the person who lit the firework, was that the child of the defendant's bank? No, it's actually a co-defendant by the name of Ruffal, who is not alleged to have been a minor. I don't believe it was, Judge. But again, getting back to the pleadings, the pleadings themselves do not support the claim that's raised in the reply brief that the homeowner had unique knowledge of the danger. And I'll point this out to you by referring to what's in the record as C5, paragraphs 8 through 10. The claim in the reply brief is that the defendant had greater forewarning of the misconduct in this case. That's raised in the reply brief. It's not in the pleadings. The pleadings say that Ruffal's use of fireworks at the party was repeated, it was continuous, and it was for the benefit and purpose of entertaining the guests at the party. And that this use of continued use of fireworks was ongoing prior to the plaintiff's injury. The plaintiff is one of those guests that this fireworks display was being put on for the purpose of entertaining. At no time did the plaintiff plead that she was unaware or somehow ignorant of the fireworks display. Now, nothing pled actually suggests that Spangler held this unique or sort of specialized knowledge about the risk of fireworks. According to the pleadings, he knew or should have known of the risk. Well, that means that his guests, including the plaintiff and he, may have both been ignorant of the risk. They may have both been aware of the risk, and they may have both intentionally disregarded the risk. But what that also means is, according to the pleadings, there is no unique knowledge of the risk attributable to my client. So, even if you say, okay, there is, and there may be a duty under 318, but we need something more, something more than the landowner. Are you saying that even if 318 applied, the complaint doesn't state a cause of action under 318? Yes. Yes, and that's the second part of this appeal. Didn't he concede an oral argument that if 318 doesn't apply, he loses? He did. Then why are you going into this lifestyle? Well, for the sake of thoroughness, and I don't want to leave any stone unturned. Yeah, we don't have to accept his concession. That's my concern. If 318 were the law, which it's not, which... But if it was. But if it was, the Alexander v. Ramirez case, another 2nd District opinion from 2001, controls. It says that although we need not express an opinion about whether it's the law, if it were the law, there would be some additional special relationship required between the parties before we would impose a 318 type of... How would you have us formulate our disposition? Should we say that the plaintiff hasn't stated a cause of action under 318, and therefore it's affirmed? Or should we say that 318 doesn't apply? Or should we say 318 doesn't apply, but even if it did, he hasn't stated a cause of action like in Teeter? And by doing so, would that then not mean that even though we said it doesn't apply, the fact that we determined that the facts didn't fit, that we implied that it did in fact apply? I would like an opinion, if, you know, you're granting wishes right now... It's Christmas time. I would like an opinion that said that 318 is not the law of Illinois. It's not the source of any duty on the part of the landowner.  Affirmed. Period. But most cases that have addressed these issues aren't that explicit, are they? It's a bit of a mess, admittedly. But that doesn't narrow the problem, because they're not specifically, definitively saying, look, our Supreme Court has not adapted the restatement. Ergo, it's not the law in Illinois. Well, and I think this gets back to sort of the common law creation of duties in the appellate courts and the conflict that that creates with this national summary of law that applies in other jurisdictions. The restatements, of course, they're not the law. They're not binding. All it is is sort of a national overview of what the law could be if the appellate courts were to decide that it was and if the Supreme Court were to agree. So, respectfully, I think that the use of the restatements is, in this context where the case law goes both ways, kind of ambiguous, it's a disservice. I think that we should be looking at the case law for the creation of duties and not some secondary source pulled from the shelf of the law library. Now, with respect to Elizondo, it said, if 318 existed, you'd need more than that general relationship that's outlined in 318. Landowner, guest, not enough. You need more. You need to give us something else. So, for example, if there was some kind of... Well, why, if 315 says the duty doesn't apply except under these circumstances, isn't that creating the relationship there? No, because, again, the restatements aren't binding. So, even though 318 says, yeah, 318 is the general rule, but if you've got this, there's an exception to that rule, the courts are welcome to reject that, adopt it, modify it, take part, leave part. You know, it's totally up to the courts. And the courts that have addressed that said that, even though it's not the law, if it were, we'd want more than what's outlined in 318. That relationship alone is not enough. And that's affirmed in Elizondo. It's also spoken of in the Geimer opinion. If there were, and this is hypothetical, if there were facts pled where you had some kind of a heightened knowledge of the risk. Let's say, for example, the homeowner had a guest over to the party where fireworks were being ignited by another guest, and guest A was blind and deaf, completely oblivious to the fireworks going around. Homeowner knows that guest B is blowing off fireworks right next to a blind, deaf guest. Under those circumstances, if the homeowner had that heightened knowledge of a risk that he knew his other guest was ignorant of, then the courts could say, under these circumstances, I'm going to find a 318 duty. Facts pled in this case don't allege any kind of knowledge or lack of knowledge on the part of the plaintiff. She may have been blowing off fireworks right alongside this other guy. It's not pled. We don't know what she knew, what she didn't know. She was just a guest and got injured. Under those circumstances, there's no way that the pleadings support the claim that my client had any kind of heightened knowledge of a risk that the plaintiff was ignorant of. So under this special relationship plus test, this case still fails, even if 318 is the law. Any other questions? No. I think your time is up, is it not? Yes. Thank you, Your Honor. Thank you again, Your Honor. I think most of, well, a lot of what counsel just argued is addressed in this brief, so in the event I run out of time, I think it's covered. Let's start with counsel's acknowledgement that if there is special heightened knowledge by the defendant, he agrees that a 318 duty should apply in this case. Counsel referenced paragraph 7 through 10 of the plaintiff's complaint that's applicable in this matter. Counsel forgets to read paragraph 11 of that complaint that states, which, of course, has to be construed in the most reasonable light favorable to the plaintiff. At the above date and time and place, defendant Lowell Spangler knew or reasonably should have known that the use of such explosive material created extreme danger to his invited guests, including the plaintiff, to which they would not likely discover or realize until it's too late, given their limited knowledge. So contrary to what counsel has been arguing here, the complaint does in fact allege that the defendant Spangler had superior knowledge, does in fact allege that the plaintiff had limited knowledge such that she was unable to take reasonable steps to avoid the danger that was created. So to the extent that counsel is arguing we have not pled that, it's clearly in the complaint. More fundamentally, when this case was briefed in front of the trial judge, when it was argued in front of the trial judge, and when it has been briefed before this court, at no time has there ever been any argument that we did not sufficiently plead facts that bring this under section 318. And so therefore I think any argument to that extent has been waived, and that at a minimum, if the court were to take that argument under consideration, that we should be allowed to amend our complaint, because it's never been raised before. With respect to – I want to go back on the last thing that I acknowledged to Justice McLaren, and I do, again, agree that if the court decides Duncan was improperly decided, that as far as whether the plaintiff loses in this case, I do agree with that. I'm not backtracking that, but I want to be clear that I'm referring to the issue of whether or not it is appropriate for the appellate court to recognize an implicit adoption of a restatement. And again, I believe Duncan Court clearly did that, and if this court believes that they were incorrect in doing that, and also agrees that the Supreme Court has not adopted 318, then at this point, I acknowledge – Just a real simple question. Just talking about a section adopted, is that your basic position? Well, again, there's two positions I have. Number one, I think that we try to isolate Section 318, but 318 is really just a subsection of 315 that states a general duty or the general rule against the duty and then recognizes numerous exceptions. The Supreme Court has time and time again recognized 315 and all of these exceptions. It hasn't applied it, but again, I think in doing so, it has adopted 315 in all of these subsections. Just because it didn't apply in a particular fact pattern, I don't think you need to have that in order for it to be adopted. And then again, I'll go back to, in my opinion, the most logical reading of a Teeter case is that they were adopting it and that they wouldn't have gone through it unless they were. Now, briefly, as far as the case law cited by the defendant, all of those cases, the Geimer case, the Elizondo case, and the Zingring case, they all involve a criminal attack by the third person, which simply does not apply in this case. The courts have all recognized this extra relationship that's required when there's a criminal attack. And again, my time's limited. I set it forth in my brief. That deals with the exceptions noted in 315B. They talk about certain relationships that are required if you're going to impose a duty to prevent a criminal attack, such as a common carrier and a passenger. Well, isn't it a violation of the law to have fireworks in Illinois? Isn't Spring Grove in Illinois? By private parties? Yes, but again, those cases all deal with a criminal attack. This is not a criminal attack. This is the negligent ignition of fireworks that, again, we have alleged the plaintiff had limited or no knowledge of and that the defendant was present, had knowledge of, and had the ability to prevent that. And my time is up. I appreciate your patience and your questions. If there's any other questions, I'll take the other ones. Of course, I'll be done. No other questions. Thank you very much.